IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OLYMPOS NAVIGATION COMPANY, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> PARCELS OF CARGO ON BOARD M/V § <br> OLYMPOS, *in rem*; DALIAN SUNTIME § <br> INTERNATIONAL TRANSPORTATION § <br> CO., LIMITED, *in personam*; AND, AYERS § <br> MARITIME SERVICES, INC. § <br> Defendants. § | C.A. No. _____ <br> Admiralty 9(h) |

**PLAINTIFF'S VERIFIED COMPLAINT, PRAYER FOR PROCESS
AND RELIEF BY MARITIME ATTACHMENT, ARREST AND INTERPLEADER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Olympos Navigation Company, and files its Original Verified Complaint against Parcels of Cargo on Board M/V OLYMPOS, *in rem*, and, Dalian Suntime International Transportation Co., Limited, *in personam*, and would respectfully show as follows:

**JURISDICTION**

1.  This Court has admiralty jurisdiction under 28 U.S.C. § 1333 and Rules B and C of the Supplemental Rules for Certain Admiralty & Maritime Claims. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**PARTIES AND SERVICE OF SUMMONS**

2.  Plaintiff, Olympos Navigation Company (hereinafter "Olympos") is an entity organized under the laws of a foreign state, with its principal place of business at POB 1405, Majuro, Marshall Islands. Olympos is the registered owner of the M/V OLYMPOS (IMO No. 9224714).

3. Defendant, Parcels of Cargo on Board M/V OLYMPOS, *in rem*, (hereinafter "the Cargo") consists of 51,308 MT, more or less, of various minerals including: carbon additive, artificial graphite, silicon carbide, ceramic proppant, brown fused alumina, mica, manganese sulphate monohydrate, ferro phosphorus, fused magnesite, dead burned magnesite; as well as various steel products including steel coils and steel pipe. The Cargo is more particularly described in the cargo manifests which are attached as Exhibit "A." The Cargo is currently stowed onboard the M/V OLYMPOS in cargo holds 1 - 7. A copy of the Stowage Plan is attached as Exhibit "B." At the time of the filing of this Verified Complaint, the M/V OLYMPOS is underway in the Gulf of Mexico. The M/V OLYMPOS is expected to arrive at the Port of Houston, Texas on or about August 20, 2014. The Court has jurisdiction over the Cargo, *in rem* because the Cargo is, or soon will be located within the District.

4. Defendant Dalian Suntime International Transportation Co., Limited, *in personam*, (hereinafter "Dalian") is an entity organized under the laws of a foreign state with its principal place of business at 4F, No. 349 Changchun Road, Xigang District, Liaoning Province, Peoples Republic of China. Dalian is a time charterer of the M/V OLYMPOS and is at present, the commercial operator of the Vessel. Defendant Dalian cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims; however, on information and belief Defendants have property, goods, chattels, or credits and effects that are now within the District, to wit: freight/sub-freight pertaining to the Cargo being carried onboard the M/V OLYMPOS (Voyage1401) that is being held or otherwise controlled by Defendant Dalian, or an agent of defendant Dalian located within the District.

5. Defendant/Interpleader-Claimant Ayers Maritime Services, Inc. (hereinafter "Ayers") is a corporation organized under the laws of the State of Texas. Ayers may be served with process by way of its registered agent in Texas: Irby J. Banquer, Ayers Maritime Services,

Inc., 1717 E. Loop N. #943, Houston, Texas 77029. Ayers' involvement in this lawsuit arises out of Defendant Dalian's designation of Ayers to receive certain cargo from the M/V OLYMPOS which is and scheduled to be discharged in Houston.

## BACKGROUND FACTS AND UNDERLYING CAUSE OF ACTION FOR BREACH OF A MARITIME CONTRACT AGAINST DEFENDANT DALIAN

6. On or about June 5, 2014, Plaintiff Olympos and Defendant Dalian entered into a Time Charter party for the M/V OLYMPOS. A copy of the Fixture Recap and accompanying form Time Charter is attached to this Verified Complaint as Exhibit "C."

7. The Time Charter provides a rate of hire of $8,750 payable every 15-days, in advance, for the duration of the charter party contract.

8. Dalian has failed to pay the charter hire as agreed. As of the filing of this Verified Complaint, Dailan owes Olympos $632,082.89 in charter hire which remains due and owing. Plaintiff reserves the right to amend and/or supplement this claim as its damages for non-payment of charter hire continue to accrue.

9. Clause 18 of the Time Charter provides that vessel owner Olympos shall have lien upon all cargoes freights, and sub-freights for any amount due under the terms of the Time Charter.

10. On information and belief, Dalian sub-chartered the vessel to various cargo shippers, entered into contracts of affreightment and issued various bills of lading for the Cargo currently onboard the Vessel.

11. At the Dailan's instruction, and furtherance of Dalian's contractual rights at time charterer, the M/V OLYMPOS loaded the Cargo at issue in Chinese Ports of Shanghai, Bayuquan and Tanjin and the M/V OLYMPOS sailed with the cargo on board, bound for the U.S. Gulf by way of the Panama Canal.

12. Pursuant to Clause 17 and 99 of the Time Charter, Olympos commenced arbitration proceedings in London on July 29, 2014 to assert is claims against Dalian. Olympos files this Verified Complaint subject to and without waiver of its right to arbitration of its claims against Dalian.

13. In furtherance of the arbitration proceedings, Olympos has also sought emergency relief from the High Court of Justice, Queen's Bench Division Commercial Court in London. A copy of Olympos' emergency application to the High Court in London is attached as Exhibit "D." In that proceeding Olympos has obtained an order from the High Court requiring Dalian to produce copies of all bills of lading relating to the Cargo being carried onboard the M/V OLYMPOS, as well as the contact details of all sub-charterers of the Vessel. These documents are necessary to determine the owners of the cargo so that Olympos may assert a carrier's lien and to provide actual notice of its lien to the various cargo receivers and others with an interest in the Cargo currently onboard the Vessel.

14. As of time of the filing of this Verified Complaint Olympos has not been able to confirm what bills of lading have been issued, in what form bills of lading for the cargo have been issued and whether freight for the cargo currently onboard the vessel has been paid, or remains outstanding.

15. The M/V OLYMPOS is scheduled to arrive at the Port of Houston on or about August 20, 2014 with the Cargo at issue onboard.

16. Olympos has provided all known cargo receivers and other interested parties with actual notice that it is asserting a carrier's lien on the cargo to the extent that freight/sub-freight for the Cargo remains due and owing.

17. On information and belief, a substantial portion of freight/sub-freight for the Cargo has not yet been paid, and is expected to be paid to Dalian or a representative of Dalian when the vessel arrives in Houston and subsequent discharge ports in New Orleans and along the lower Mississippi River.

### RULE B ATTACHMENT OF FREIGHT/SUB-FREIGHT PAID TO DALIAN

18. For the purposes of obtaining personal jurisdiction over Dalian, as well as to secure Plaintiff claim for unpaid charter hire in aid of London arbitration, Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment, pursuant to Rule B of the Supplemental Rules, attaching *inter alia*, any freight/sub-freight which may be found in this District which pertains to the Cargo being carried onboard the M/V OLYMPOS (Voyage1401) that has been paid, will be paid, is held or is otherwise controlled by Defendant Dalian, or any agent of defendant Dalian. Rule B attachment of Dailan's property located within the District as security in aid of London arbitration is proper under 9 U.S.C. § 8.

### RULE C ARREST OF CARGO , IN REM,
### TO PERFECT PLAINTIFF'S CARRIERS' LIEN ON
### PARCELS OF CARGO WITH UNPAID FREIGHT/SUB-FREIGHT

19. Olympos brings this action under Rule C in order to perfect its carriers' lien on the cargo currently stowed onboard the M/V OLYMPOS to the extent the freight/sub-freight for the Cargo remains unpaid, or was paid without regard to actual notice provided to the Cargo receivers and other parties interested in the Cargo for those cargoes shown on Exhibit "E" hereto.

### MARITIME INTERPLEADER CAUSE OF ACTION
### AGAINST DEFENDANT AYERS MARITIME
### SERVICES, INC. AND OTHER PARTIES
### WITH AN INTEREST IN THE CARGO

20. Defendant Dalian has demanded that certain parcels of the Cargo be released to Ayers without presentation of the original bills of lading, and under Letters of Indemnity issued by Dalian in favor of Plaintiff Olympos. The particular Cargo subject of the interpleader cause of

action consists of steel coils stowed in hold No. 2, bagged ceramic proppant stowed in Hold. No. 4 and various parcels of steel pipe stowed in Hold No. 5. A copy of the Letters of Indemnity which more particularly describe the cargo by Bill of Lading number are attached as Exhibit "F."

21.  There are multiple and competing adverse interests for possession of the above described Cargo and an interpleader is proper pursuant to 49 U.S.C § 80110(e). Plaintiff Olympos has a good-faith fear that it may be exposed to multiple liability arising from competing and adverse interests with regard to rightful possession of the Cargo. This good-faith fear is based on Olympos contractual obligations as ocean carrier, and being instructed by Dalian to deliver the cargo to Ayers, a party to which Olympos has no contractual privity without presentation of the original bills of lading as document of title. Further, Olympos is being requested to deliver the cargo to Ayers under Letters of Indemnity backed by Defendant Dalian, when Dailan has failed to pay charter hire as agreed and has failed to provide reasonable assurance that it intends to do so. The commercial value of the Cargo subject of the interpleader cause of action is unknown at present but is well above the jurisdictional limit. Plaintiff requests that the Court make a determination as to who is entitled to lawful possession of the Cargo in subject to any carrier's lien for unpaid freight-subfreight to which Plaintiff Olympos may be entitled.

### PRAYER FOR RELIEF

22.  WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this honorable Court grant the following relief as allowed by law equity and the supplemental Rules:

   a)  Issue an order authorizing a warrant for the Rule C arrest of The Cargo described in Exhibits "E" and "F" and direct that the Cargo remain under the control of the United States Marshal pending the further orders of this Court;

   b)  Issue a show cause order inviting all persons with an interest in the Cargo described in Exhibits "E" and "F" to appear before the Court to provide sufficient evidence of their interest in the parcels of Cargo and of the status of any freight payments made, and/or freight payments outstanding in relation to the Cargo,

determine who is entitled to lawful possession of the Cargo, and any further order necessary for the prompt and economical determination of the rights of Plaintiff, and any freight/sub-freight due and owing to which Plaintiff Olympos is entitled be deposited in the registry of the Court so that the Cargo may be discharged and delivered forthwith;

c) Issue an order for the Rule B attachment, and deposit within the registry of the Court of all freight/sub-freight pertaining to the Cargo being carried onboard the M/V OLYMPOS on Voyage 1401, up to the sum of $632,082.89 that is being held or otherwise controlled by Defendant Dalian, or an agent of Defendant Dalian, to the extent that the freight/sub-freight is located within the District; and,

d) Subject to and without waiver of Olympos' right to arbitrate this dispute in London pursuant to the terms of the Time Charter, that the Court enter judgment against Dalian for $632,082.89, including prejudgment interest, post-judgment interest, court costs, and all other relief as justice and equity allow.

Respectfully submitted,

William A. Durham
State Bar No. 06281800
Fed. ID No. 4172
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, TX 77002
(713) 225-0905 – Telephone
(713) 225-2907 – Fax
durham@easthamlaw.com - Email

*Attorneys for Plaintiff Olympos Navigation Company*

STATE OF TEXAS  §
§
COUNTY OF HARRIS  §

## VERIFICATION

1. I am a member of the law firm Eastham, Watson, Dale & Forney, L.L.P., counsel for the Plaintiff, Olympos Navigation Company.

2. The facts alleged in the foregoing Complaint are true and correct based upon my information and belief. The basis of my information and belief is the information from Plaintiff, Olympos Navigation Company, and from reviewing various documents and materials provided by Plaintiff.

3. The authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this Verification on Plaintiff's behalf.

4. Pursuant to Rules B and C of the Supplemental Rules for Certain Admiralty & Maritime Claims, I verify that the facts alleged in the foregoing Verified Complaint are true and correct.

William A. Durham

SWORN TO AND SUBSCRIBED TO BEFORE ME under my hand and official seal of office this 20th day of August, 2014.

CAROL HENDRICKS
Notary Public
STATE OF TEXAS
My Comm Exp. Mar. 31, 2018

Notary Public, State of Texas

STATE OF TEXAS             §
                           §
COUNTY OF HARRIS           §

## AFFIDAVIT THAT DEFENDANT CANNOT BE FOUND WITHIN THE DISTRICT

BEFORE ME, the undersigned authority, personally came and appeared William A. Durham, who, after being duly sworn, did depose and say that:

1. "I have personally conducted a diligent inquiry in order to determine whether or not the *in personam* Defendant in this action, Dalian Suntime International Transportation Co., Limited can be found within this District;

2. I have reviewed online telephone directories, searched the Texas Secretary of State's online database, and conducted online research for any business presence of Dalian Suntime International Transportation Co., Limited within the Judicial District;

3. Based upon the results of the inquiries here and above mentioned, to the best of my knowledge, information and belief, Dalian Suntime International Transportation Co., Limited cannot be found within the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims."

_____
William A. Durham

SWORN TO AND SUBSCRIBED before me this 20th day of August, 2014.

_____
Notary Public in and for the State of Texas

CAROL HENDRICKS
Notary Public
STATE OF TEXAS
My Comm Exp. Mar. 31, 2018