IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OLYMPOS NAVIGATION COMPANY, §<br>Plaintiff, §<br>§<br>v. §<br>§<br>PARCELS OF CARGO ON BOARD M/V §<br>OLYMPOS, *in rem*; DALIAN SUNTIME §<br>INTERNATIONAL TRANSPORTATION §<br>CO., LIMITED, *in personam*; AND, §<br>AYERS MARITIME SERVICES, INC., §<br>Defendants. § | C.A. No. 4:14-cv-02397<br>Admiralty 9(h) |

## KUMIAI NAVIGATION (PTE) LTD's
## VERIFIED ORIGINAL COMPLAINT IN INTERVENTION

COMES NOW plaintiff in intervention, Kumiai Navigation (Pte) Ltd ("KN"), and files this, its Verified Original Complaint in Intervention, against defendant Dalian Suntime International Transportation Co., Limited ("Dalian Suntime") and garnishees Olympos Navigation Company ("Olympos"), and would respectfully show the Court as follows:

### JURISDICTION & VENUE

1. This is an action instituted in accordance with the provisions of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA") in order to obtain security and jurisdiction, and no waiver is intended of the rights of KN to commence arbitration in London in accordance with the provisions, terms, and conditions of the hereinafter described time charter party agreement with Dalian Suntime for the M/V KN FUTURE (the "Charter Party"), which rights are specifically reserved.

2. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure because it involves a claim for breach of a maritime contract, *i.e.*, a time charter party agreement. This Court has admiralty jurisdiction pursuant to 28 U.S.C.

§ 1333, and the claims herein are brought under Rule B to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B").

3. Venue is properly situated in this District pursuant to 28 U.S.C. § 1391(b) because, upon information and belief, Dalian Suntime has, or will soon have, property within this District that may be attached through the process of maritime attachment and garnishment pursuant to Rule B, *i.e.*, bunkers onboard the M/V OLYMPOS, which are presently in the care, custody, and control of garnishee Olympos.

## PARTIES

4. At all material times, KN was, and still is, an entity organized and existing under the laws of a foreign state with an address at 1 Raffles Place, #27-62, One Raffles Place, Singapore 048616. At all material times, KN, as owner, was party to the Charter Party.

5. At all material times, Dalian Suntime was, and still is, an entity organized and existing under the laws of a foreign country and was the charterer under the Charter Party.

6. Dalian Suntime cannot be found within this District within the meaning of Rule B, but as alleged herein and upon information and belief, has, or will have during the pendency of this action, accounts and property in this District.

7. At all material times, Olympos was, and still is, an entity organized and existing under the laws of a foreign state, with its principal place of business at POB 1405, Majuro, Marshall Islands and was the registered owner of the M/V OLYMPOS.

## SUBSTANTIVE CLAIMS

8. This is an action to obtain security for KN's claims that arise out of breaches of the Charter Party. True and correct copies of the fixture recap and KN's pro-forma charter party form, which constitute the Charter Party are attached hereto as Exhibit A.

9. The Charter Party began on or about 5 May 2014, when the M/V KN FUTURE was delivered to Dalian Suntime.

10. The charter rate, or hire, was $13,500 per day. Dalian Suntime was obligated to make each hire payment 15 days in advance.

11. Dalian Suntime was obligated to pay for all bunkers while the M/V KN FUTURE was on hire.

12. Beginning in or about May 2014, Dalian Suntime failed to pay KN multiple hire payments, each of which constituted a default under the Charter Party. Dalian Suntime owes KN Charter Party hire from the delivery of the M/V KN FUTURE to her withdrawal, and damages from withdrawal to completion of discharge at the prevailing Charter Party rate, estimated at this time to be $877,994.67.

13. Further, Dalian Suntime failed to pay KN in respect of bunkers on delivery, and failed to pay for bunkers consumed during the period of the Charter Party, valued at approximately $174,306.90.

14. On July 23, 2014, KN withdrew the M/V KN FUTURE as a result of these breaches by Dalian Suntime terminating the Charter Party. KN claims damages for the difference between the Charter Party hire rate and market hire rate for the remaining period of approximately 25 days (*i.e.*, from withdrawal to the earliest date for redelivery under the Charter Party of August 21, 2014), estimated at this time to be $148,048.87.

15. As of the date of filing this Complaint in Intervention, Dalian Suntime owes KN at least $1,200,350.44 , exclusive of interest, costs, and attorney's fees.

16. Pursuant to Rider Clause 76 of the Charter Party, KN may commence arbitration against Dalian Suntime in London and present its claims submission to an arbitration panel.

17. This Complaint in Intervention was filed in order to obtain security for KN's claims in the London arbitration as permitted by the FAA.

18. As best as can now be estimated, KN expects to recover the following amounts in the London Arbitration from Dalian Suntime:

Principal Claim: $1,200,350.44

Estimated Interest on Principal Claim: $200,000.

Estimated attorney's fees to completion of arbitration: $350,000

Estimated U.S. lawyers' fees: $15,000

Costs of Arbitration Tribunal: $50,000

TOTAL: at least $1,815,350.44

## APPLICATION FOR RULE B RELIEF

19. The requirements of Rule B are met. First, KN has a valid maritime claim against Dalian Suntime, *i.e.*, a claim for breach of a time charter party agreement, which is a maritime contract.

20. Second, Dalian Suntime cannot be found within the District. (*See* attached Affidavit of Janet M. Martin).

21. Third, upon information and belief, Dalian Suntime has, or soon will have, property located within the District. The Olympos-Dalian Suntime charter party agreement, which is attached to Olympus's original complaint, provides for the application of English law. Under English Law, there is a presumption that Dalian Suntime, as charterer, is the owner of the bunkers presently aboard the M/V OLYMPOS. In addition, pursuant to Clause 11 the Olympos-Dalian Suntime fixture recap, also attached as an exhibit to Olympos's original complaint, Dalian Suntime was obligated to purchase the bunkers onboard at the time it paid its first hire payment to Olympos. Finally, Clause 2 of the Olympos-Dalian Suntime charter party agreement

4

provides that Dalian Suntime was to pay for all fuel while the M/V OLYMPOS was on hire. Although not specifically identified herein, Dalian Suntime soon will or may also have other property, goods, chattels, credits and/or effects located within the District as they, upon information and belief, are charterers of multiple vessels.

22. Fourth, there is no statutory bar to recovery.

23. Accordingly, KN seeks jurisdiction over Dalian Suntime through attachment of its property within this District pursuant to the process of maritime attachment and garnishment to be issued against such property pursuant to Rule B in order to secure its claims in the prospective London Arbitration. Such relief is proper pursuant to FAA § 8.

WHEREFORE, PREMISES CONSIDERED, Kumiai Navigation (Pte) Ltd prays:

1. That process in due form of law according to the practice of this Honorable Court issue against Dalian Suntime International Transportation Co., Limited, and garnishee Olympos Navigation Company citing them to appear and answer all and singular the matters aforesaid;

2. That upon hearing before this Honorable Court, process in due form of law according to the rules of practice of this Court in cases of admiralty and maritime jurisdiction issue to attach and seize Dalian Suntime International Transportation Co., Limited's property, goods, chattels, credits and/or effects located within the District;

3. That as soon as practical following the attachment and/or seizure of Dalian Suntime International Transportation Co., Limited's property, goods, chattels, credits and/or effects herein, a further hearing be held by this Court to hear any objections Dalian Suntime International Transportation Co., Limited may have to the attachments and/or seizures herein;

5

4. That the claims of Kumiai Navigation (Pte) Ltd against Dalian Suntime International Transportation Co., Limited be referred to arbitration in London pursuant to the terms of the Charter Party, and that this Court retain jurisdiction over the claims of Kumiai Navigation (Pte) Ltd against Dalian Suntime International Transportation Co., Limited pending the outcome of any arbitration;

5. That a judgment be entered in favor of Kumiai Navigation (Pte) Ltd in the amount of its claim, together with interest, costs and reasonable attorneys' fees incurred by Kumiai Navigation (Pte) Ltd, and that a decree of condemnation issue against the property of Dalian Suntime International Transportation Co., Limited for the amount of Kumiai Navigation (Pte) Ltd's claim, with interest, reasonable attorneys' fees and costs; and

6. That Kumiai Navigation (Pte) Ltd may have such other and further relief as the justice of this cause may require.

Respectfully submitted,

*/s/ Richard A. Branca*
David R. Walker
Federal I.D. No. 2827
State Bar No. 20696800
David.Walker@roystonlaw.com
Richard A. Branca
Federal I.D. No. 828076
State Bar No. 24067177
Richard.Branca@roystonlaw.com
Pennzoil Place
711 Louisiana, Suite 500
Houston, Texas 77002-2713
Telephone: (713) 224-8380
Facsimile: (713) 225-9945

**ATTORNEYS FOR PLAINTIFF IN INTERVENTION KUMIAI NAVIGATION (PTE) LTD**

59944:30081652

OF COUNSEL:

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this 28th day of August, 2014, a true and correct copy of this instrument was served on all counsel of record via the ECF system, facsimile and/or U.S. mail.

*/s/ Richard A. Branca*
Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP

59944:30081652

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLYMPOS NAVIGATION COMPANY,<br>Plaintiff, | § § § | |
| v. | § § | |
| PARCELS OF CARGO ON BOARD M/V OLYMPOS, *in rem*; DALIAN SUNTIME INTERNATIONAL TRANSPORTATION CO., LIMITED, *in personam*; AND, AYERS MARITIME SERVICES, INC.,<br>Defendants. | § § § § § § § § | C.A. No. 4:14-cv-02397<br>Admiralty 9(h) |

## **VERIFICATION**

**THE STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

1. My name is Richard A. Branca.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the law firm of Royston, Rayzor, Vickery & Williams, L.L.P., attorneys for plaintiff in intervention Kumiai Navigation (Pte) Ltd ("KN").

4. I have read the foregoing Original Verified Complaint in Intervention and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by KN is that KN is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, KN and agents and/or representatives of KN, including verbal and e-mail communications with its foreign counsel.

7. I am authorized to make this Verification on behalf of KN.

*Richard A. Branca*
Richard A. Branca

SWORN TO AND SUBSCRIBED BEFORE ME on this the 28th day of August, 2014.

*Hollianne Lauersdorf*
NOTARY PUBLIC in and for the
State of Texas

My Commission Expires:
12/13/15


HOLLIANNE LAUERSDORF
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 12/13/15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLYMPOS NAVIGATION COMPANY, Plaintiff, | § § § | |
| v. | § § | |
| PARCELS OF CARGO ON BOARD M/V OLYMPOS, *in rem*; DALIAN SUNTIME INTERNATIONAL TRANSPORTATION CO., LIMITED, *in personam*; AND, AYERS MARITIME SERVICES, INC., Defendants. | § § § § § § § | C.A. No. 4:14-cv-02397 Admiralty 9(h) |

## **AFFIDAVIT OF JANET MARTIN**

**THE STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

BEFORE ME, the undersigned authority, on this day personally came and appeared Janet Martin, who after being duly sworn, deposed did say that:

(1) I am paralegal at the law firm of Royston, Rayzor, Vickery, and Williams, L.L.P. I have personally conducted a diligent search in order to determine whether or not defendant in this action, Dalian Suntime International Transportation Co., Limited, can be found in the Southern District of Texas.

(2) I have reviewed local telephone directories, searched the Texas Secretary of State's official corporate database website, and have conducted various web and internet searches; and

(3) Based upon the results of the inquiries hereinabove mentioned, to the best of my knowledge, information, and belief, the defendant cannot be found within the District

within the meaning of Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure.

_Janet Martin_
Janet Martin

SWORN TO AND SUBSCRIBED BEFORE ME on this the 28th day of August, 2014.

_Hollianne Lauersdorf_
NOTARY PUBLIC in and for the
State of Texas

My Commission Expires:

12/13/15



HOLLIANNE LAUERSDORF
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 12/13/15