IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
AUG 29 2014
David J. Bradley, Clerk of Court

| | |
|---|---|
| OLYMPOS NAVIGATION COMPANY, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> PARCELS OF CARGO ON BOARD M/V § <br> OLYMPOS, in rem, DALIAN SUNTIME § <br> INTERNATIONAL TRANSPORTATION § <br> CO., LIMITED, in personam; AND, AYERS § <br> MARITIME SERVICES, INC. § <br> Defendants. § | C.A. NO. 4:14-CV-02397 <br> ADMIRALTY 9(h) |

## SCORPIO ULTRAMAX POOL LTD. AND SBI CHARTERING AND TRADING LTD. VERIFIED ORIGINAL COMPLAINT-IN-INTERVENTION

COMES NOW PlaintiffS-in-intervention, Scorpio Ultramax Pool Ltd. ("Scorpio") and SBI Chartering and trading Ltd. ("SBI") files this, their Verified Original Complaint-in-Intervention, against defendant Dalian Suntime International Transportation Co., Limited, a/k/a Dalian Suntime Int'l Transportation Co., Limited, ("Dalian Suntime") and garnishee Olympos Navigation Company ("Olympos"), and would respectfully show the Court as follows:

### JURISDICTION AND VENUE

1. This is an action instituted in accordance with the provisions of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA") to obtain security and jurisdiction, and no waiver is intended of the rights of Scorpio to commence arbitration in London in accordance with the provisions, terms, and conditions of the hereinafter described time charter party agreement with Dalian Suntime for the M/V AVENTICUM (the "Charter Party"), which rights are specifically reserved.

2. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure because it involves a claim for breach of a maritime contract, i.e., a time charter party agreement. This Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333, and the claims herein are brought under Rule B to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B").

3. Venue is properly situated in this District pursuant to 28 U.S.C. §1391 (b) because, upon information and belief, Dalian Suntime has, or will soon have, property within this District that may be attached through the process of maritime attachment and garnishment pursuant to Rule B, i.e., bunkers onboard the M/V OLYMPOS, which are presently in the care, custody and control of garnishee Olympos, as well as freight / sub freight pertaining to the cargo currently aboard the MV/ OLYMPOS that is being held or otherwise controlled by Dalian Suntime, or Dalian Suntime located within this district.

**PARTIES**

4. At all material times, Scorpio and SBI were, and still are, entities organized and existing under the laws of a foreign state with an address at Le Millenium – 9, Boulevard Charles III – MC 98000 Monaco. At all material times, Scorpio and/or SBI, as disponent owners, were party to the Charter Party.

5. At all material times, Dalian Suntime was, and still is, an entity organized and existing under the laws of a foreign country and was the charterer under the Charter Party.

6. Dalian Suntime cannot be found within this District within the meaning of Rule B, but as alleged herein and upon information and belief, has, or will have during the pendency of this action, accounts and property in this District.

7. At all material times, Olympos was, and still is, an entity organized and existing under the laws of a foreign state, with its principle place of business at POB 1405, Majuro, Marshall Islands and was the registered owner of the M/V OLYMPOS.

## SUBSTANTIVE CLAIMS

8. This is an action to obtain security for Scorpio's claims that arise out of breaches of the Charter Party. True and correct copies of the fixture recap and Scorpio's pro-forma charter party form, which constitute the Charter Party are attached hereto as Exhibit A.

9. The Charter Party began on or about March 31, 2014, when the M/V AVENTICUM was delivered to Dalian Suntime. See Exhibit "A."

10. The charter rate, or hire, was $12,500 per day. Dalian Suntime was obligated to make each hire payment 15 days in advance. *Id.*

11. Dalian Suntime was obligated to pay for all bunkers while the M/V AVENTICUM was on hire. *Id.*

12. Pursuant to Charter Party Clause 23, entitled "LIENS," Scorpio "shall have a lien upon all cargoes and all sub-freights and/or sub-hire for any amounts due under this Charter Party…".

13. Beginning in or about June 2014, Dalian Suntime failed to pay Scorpio multiple hire payments, each of which constituted a default under the Charter party.

14. Further, Dalian Suntime failed to pay Scorpio in respect of bunkers consumed during the period of the Charter Party, valued at approximately $213,557.58.

15. On June 18, 2014, Scorpio withdrew the M/V AVENTICUM as a result of these breaches by Dalian Suntime terminating the Charter Party. See Exhibit "B," July 10, 2014 Demand Letter issued by MFB to Dalian Sunshine. Scorpio claims damages for the difference

between monies due and owing and bunkers consumed on the one hand, and partial hire payments received on the other. See Exhibit "B." Scorpio claims damages of $408, 107.20. *Id.*

16.  As of the date of filing this Complaint in Intervention, Dalian Suntime owes Scorpio at least $408,107.20, exclusive of interest, costs, and attorney's fees, as best as can be presently ascertained. *Id.*

17.  Pursuant to Rider Clause 77 of the Charter Party, Scorpio may commence arbitration against Dalian Suntime in London and present its claims submission to an arbitration panel.

18.  This Complaint in Intervention was filed in order to obtain security for Scorpio's claims in the London arbitration as permitted by the FAA.

## APPLICATION FOR RULE B RELIEF

20.  The requirements of Rule B are met. First, Scorpio has a valid maritime claim against Dalian Suntime, i.e., a claim for breach of a time charter party agreement, which is a maritime contract.

21.  Second, Dalian Suntime cannot be found within the District. (See attached Affidavit of Keith B. Letourneau).

22.  Third, upon information and belief, Dalian Suntime has, or soon will have, property located within the District. The Olympos-Dalian Suntime charter party agreement, which is attached to Olympus's original complaint, provides for the application of English law. Under English Law, there is a presumption that Dalian Suntime, as charterer, is the owner of the bunkers presently aboard the M/V OLYMPOS. In addition, pursuant to Clause 11, the Olympos-Dalian Suntime fixture recap, also attached as an exhibit to Olympos's original complaint, Dalian Suntime was obligated to purchase the bunkers onboard at the time it paid its first hire

4

payment to Olympos. Finally, Clause 2 of the Olympos-Dalian Suntime charter party agreement provides that Dalian Suntime was to pay for all fuel while the M/V OLYMPOS was on hire. Although not specifically identified herein, Dalian Suntime soon will or may also have other property, goods, chattels, credits and/or effects located within the District as they, upon information and belief, are charterers of multiple vessels.

23. Fourth, there is no statutory bar to recovery.

24. For the purposes of obtaining personal jurisdiction over Dalian, as well as to secure Scorpio's claim for unpaid bunkers and charter hire in aid of London arbitration, Scorpio seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment, pursuant to Rule B of the Supplemental Rules, attaching *inter alia*, any bunkers, as well as freight / sub-freight which may be found in this District that pertains to the cargo being carried aboard the M/V OLYMPOS that has been paid, will be paid, is held or is otherwise controlled by the defendant Dalian, or any agent of defendant Dalian. Rule B attachment of Dalian's property located within the District as security in aid of London arbitration is proper under 9 U.S.C. §8.

25. Accordingly, Scorpio seeks jurisdiction over Dalian Suntime through attachment of its property within this District pursuant to the process of maritime attachment and garnishment to be issued against such property pursuant to Rule B in order to secure its claims in the prospective London Arbitration. Such relief is proper pursuant to FAA § 8.

WHEREFORE, PREMISES CONSIDERED, Scorpio Ultramax Pool Ltd. prays:

1. That process in due form of law according to the practice of this Honorable Court issue against Dalian Suntime International Transportation Co., Limited, and garnishee

Olympos Navigation Company citing them to appear and answer all and singular the matters aforesaid;

2. That upon hearing before this Honorable Court, process in due form of law according to the rules of practice of this Court in cases of admiralty and maritime jurisdiction issue to attach and seize Dalian Suntime International Transportation Co., Limited's property, goods, chattels, credits and/or effects located within the District;

3. That as soon as practicable following the attachment and/or seizure of Dalian Suntime International Transportation Co., Limited's property, goods, chattels, credits and/or effects herein, a further hearing be held by this Court to hear any objections Dalian Suntime International Transportation Co., Limited may have to the attachments and/or seizures herein;

4. That the claims of Scorpio Ultramax Pool Ltd. against Dalian Suntime International Transportation Co., Limited be referred to arbitration in London pursuant to the terms of the Charter Party, and that this Court retain jurisdiction over the claims of Scorpio Ultramax Pool Ltd. against Dalian Suntime International Transportation Co., Limited pending the outcome of any arbitration;

5. That a judgment be entered in favor of Scorpio Ultramax Pool Ltd. in the amount of its claims, together with interest, costs and reasonable attorneys' fees incurred by Scorpio Ultramax Pool Ltd. and that a decree of condemnation issue against the property of Dalian Suntime International Transportation Co., Limited for the amount of Scorpio Ultramax Pool Ltd.'s claim, with interest, reasonable attorneys' fees and costs; and

6. That Scorpio Ultramax Pool Ltd. may have such other and further relief as the justice of this cause may require.

Respectfully submitted,

_____
Keith B. Letourneau
State Bar No. 00795893
Federal Bar No. 20041
700 Louisiana, Suite 4000
Houston, Texas 77057
Telephone: (713) 228-6601
Facsimile: (713) 228-6605
Email: kletourneau@blankrome.com
*Attorneys for Plaintiffs-in-Intervention*
*Scorpio Ultramax Pool Ltd. and SBI Chartering and Trading Ltd.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served pursuant to Federal Rule of Civil Procedure 5 on all counsel of record via the ECF system, facsimile and/or U.S. Mail, on this 29th day of August, 2014.

_____
Keith B. Letourneau